## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 17-20038-18-DDC** |
| **EDUARDO GARCIA-PATINO (18),** | |
| **Defendant.** | |

## <u>MEMORANDUM AND ORDER</u>

Before the court is Eduardo Garcia-Patino's pro se[1] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 958).  This motion doesn't comply with the applicable rules because Mr. Garcia-Patino didn't sign it—his brother, Samuel Garcia, did.  Mr. Garcia explains that he signed the motion for Mr. Garcia-Patino "because of the ongoing pandemic[.]"  Doc. 958 at 12.  The court finds Mr. Garcia's explanation inadequate and, as a result, the court can't decide the motion on the current record.

But Mr. Garcia-Patino and Mr. Garcia have two options:  (1) Mr. Garcia can explain why Mr. Garcia-Patino cannot appear on his own behalf and show how he is dedicated to Mr. Garcia-Patino's best interests; or (2) Mr. Garcia-Patino can amend his motion and sign it himself.  The court explains each option, below.

The rules governing § 2255 motions and our local rules require that § 2255 motions be signed under penalty of perjury.  D. Kan. Rule 9.1(a)(2); Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings; *see also United States v. Hagan*, Nos. 07-10180-01-WEB, 11-1047-

---

[1]     People in prison "who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But, the court does "not act as [an] advocate" for pro se litigants.  *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019).

WEB, 2011 WL 720808, at *1 (D. Kan. Feb. 22, 2011).  The rules governing § 2255 motions

allow the movant or an authorized person to sign the motion.  Rule 2(b)(5) of the Rules

Governing Section 2255 Proceedings.

To determine whether a person signing on the movant's behalf is authorized to do so, the

Advisory Committee that drafted the Rules Governing Section 2255 Proceedings recommends

that courts use "third-party" or "next-friend" standing analysis.  Rules Governing Section 2255

Proceedings Rule 2(b)(5) Advisory Committee's Note to 2004 Amendment.  The Committee

directs courts to *Whitmore v. Arkansas*, 495 U.S. 149 (1990), for its "next friend" standing

analysis.  *Id.*

A next friend is not a party—instead, a next friend "simply pursues the cause on behalf of

the detained person, who remains the real party in interest."  *Whitmore*, 495 U.S. at 163.

Importantly, courts don't grant next friend standing automatically.  *Id.*  Instead, the person

invoking "next friend" standing has the burden to establish clearly his or her status as "next

friend."  *Id.* at 164 (citations omitted).  A "next friend" must meet two requirements.  First, a

"next friend" must provide "an adequate explanation—such as inaccessibility, mental

incompetence, or other disability—why the real party in interest cannot appear on his own behalf

to prosecute the action."  *Id.* at 163 (citations omitted).  "Second, the 'next friend' must be truly

dedicated to the best interests of the person on whose behalf he seeks to litigate[.]"  *Id.* (citation

omitted).

Mr. Garcia asserts that he signed the motion for his brother "because of the ongoing

pandemic[.]"  Doc. 958 at 12.  The court finds this explanation inadequate.  By signing the

motion, Mr. Garcia is asking to pursue Mr. Garcia-Patino's cause as Mr. Garcia-Patino's "next

friend."  But before he can do so, Mr. Garcia must explain why the pandemic prevents Mr.

Garcia-Patino from appearing on his own behalf.  And, Mr. Garcia must show that he is truly dedicated to Mr. Garcia-Patino's best interests.

But there is a second, and perhaps more straightforward option.  If a § 2255 motion doesn't meet Rule 2(b)'s signature requirements, district courts should give the movant an opportunity to amend the motion.  *United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007) (explaining that district court should've given movant who filed an unverified memorandum "an opportunity to conform his motion to Rule 2(b)'s procedural requirements"); *see also United States v. Roberts*, 492 F. App'x 869, 872–73 (10th Cir. 2012) (agreeing with district court that § 2255 movant's proposed amendments were defective because movant didn't sign them under penalty of perjury, but concluding that district court abused its discretion by not allowing movant to amend his petition).  So, Mr. Garcia-Patino could file an amended § 2255 motion that meets the legal requirements—specifically, Rule 2(b)(5)'s requirement that the motion "be signed under penalty of perjury by the movant[.]"  Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings.

In sum, the court orders Mr. Garcia to show that he qualifies for "next friend" standing by clearly explaining why the pandemic prevents Mr. Garcia-Patino from representing himself in this action and showing that Mr. Garcia is dedicated to Mr. Garcia-Patino's best interests.  Or, alternatively, the court orders Mr. Garcia-Patino to amend his motion to comply with the applicable rules.

**IT IS SO ORDERED.**

**Dated this 24th day of November, 2021, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
