IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>EDUARDO GARCIA-PATINO (18),<br><br>    Defendant. | Case No. 17-20038-18-DDC |

# MEMORANDUM AND ORDER

Defendant Eduardo Garcia-Patino filed a pro se[1] Motion for Compassionate Release (Doc. 976). The government filed a Response (Doc. 987), opposing Mr. Garcia-Patino's request. For reasons explained below, the court agrees with the government and denies Mr. Garcia-Patino's motion.

**I.    Factual Background**

Mr. Garcia-Patino pleaded guilty to conspiracy to distribute more than 50 grams of methamphetamine and possession with the intent to distribute more than 50 grams of methamphetamine. Doc. 618 at 2. On August 20, 2020, the court sentenced Mr. Garcia-Patino to 164 months' imprisonment. Doc. 878 at 2. On October 22, 2021, Mr. Garcia-Patino filed his Motion for Compassionate Release. Doc. 976. Mr. Garcia-Patino argues that his pre-existing conditions put him at risk to contract severe COVID-19 and present an "extraordinary and compelling reason" to reduce his sentence. *Id.* at 2. Mr. Garcia-Patino has previously contracted COVID-19 and still has lingering symptoms. *Id.* Mr. Garcia-Patino states that his asthma, lung

---

[1]    "[P]risoners who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

1

tumors, pancreatic problems, lung nodules, depression, low white blood cell count, high cholesterol, low mean corpuscular hemoglobin concentration (MCHC), neutrophils, and prediabetes all put him at risk to contract severe COVID-19.  *Id.* at 3–4.  Mr. Garcia-Patino received a COVID-19 vaccine in April 2021.  *Id.*  Today, Mr. Garcia-Patino's projected release date is November 21, 2028.  *See* Eduardo Garcia-Patino (Reg. No. 28631-031) (last visited Apr. 20, 2022) https://www.bop.gov/inmateloc/.

## II.     Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [this] rule of finality is subject to a few narrow exceptions.  One such exception is contained in [18 U.S.C.] § 3582(c)(1)."  *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (citation and internal quotation marks omitted).  Under this exception, the court may modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days[2] from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A); *see also Maumau*, 993 F.3d at 830–31 (reviewing § 3582(c)(1)'s history, text, and requirements).

Recently, our Circuit held that the exhaustion requirement is a claim-processing rule that the government may waive or forfeit.  *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

After considering exhaustion, the court applies a three-step analysis to motions filed under § 3582(c)(1)(A).  *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).  The

---

[2]     Under § 3582(c)(1)(A), a defendant may file a motion for compassionate release directly with the district court after "the passage of 30 days from the defendant's *unanswered* request to the warden for such relief."  *See Maumau*, 993 F.3d at 830 (emphasis added).

court may grant a motion for reduction of sentence only if "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." *Id.* Relief may "be granted only if all three prerequisites are satisfied," and, accordingly, "the three steps [can] be considered in any order." *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021).

The Tenth Circuit has held that it does not view the first step—"extraordinary and compelling" reasons—in § 3582(c)(1)(A) as jurisdictional. *See id.* at 942 n.7 (declining "to read a jurisdictional element into § 3582(c)(1)(A)'s 'extraordinary and compelling reasons' requirement when the statute itself provides no indication (much less a 'clear statement') to that effect").

The court need not reach the second step of the analysis because the Sentencing Commission has not issued an "applicable policy statement" for defendant-filed compassionate release motions, like this one. *Maumau*, 993 F.3d at 837. So, unless "and until the Sentencing Commission issues such a policy statement, the second requirement does not apply." *United States v. Quinn*, No. CR 10-20129-03-KHV, 2021 WL 3129600, at *2 (D. Kan. July 23, 2021).

## III.   Analysis

The government does not contest that Mr. Garcia-Patino has complied with the exhaustion or lapse requirements of 18 U.S.C. § 3582(c)(1)(A). *See* Doc. 987; s*ee also* Doc. 976 at 2 (Mr. Garcia-Patino's request to warden, dated June 29, 2021). Instead, the court denies Mr. Garcia-Patino's motion for two independently sufficient reasons: (1) Mr. Garcia-Patino hasn't shown extraordinary and compelling reasons for his release, and (2) the § 3553(a) sentencing factors do not favor his release. The court explains these conclusions below.

A.      **Extraordinary and Compelling Reasons**

Mr. Garcia-Patino seeks compassionate release because of his medical conditions—asthma, lung tumors, pancreatic problems, lung nodules, depression, low white blood cell count, high cholesterol, low MCHC, neutrophils, and prediabetes—and the COVID-19 outbreak at the prison where he's incarcerated. Doc. 976 at 2–4. The government notes that Mr. Garcia-Patino's medical records confirm he has asthma. Doc. 987 at 14–15. But, the government argues, Mr. Garcia-Patino's health conditions do not present extraordinary and compelling circumstances because his asthma is well under control, he is vaccinated against COVID-19, and his general fears about COVID-19 are insufficient. *Id.* at 15–19.

Our Circuit recently held (albeit in an unpublished opinion) that "'a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction.'" *United States v. McRae*, No. 21-4092, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022) (quoting *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021)); *see also United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release"). And it appears that several district courts in our Circuit—including this court—have adhered to this recent direction from the Circuit. Following *McRae*, those courts have concluded that, if a defendant has had access to the COVID-19 vaccine, then incarceration during the pandemic doesn't suffice, on its own, as an extraordinary and compelling reason for a sentence reduction. *See United States v. Logan*, No. CR 07-20090-01-KHV, 2022 WL 1102654, at *3 (D. Kan. Apr. 13, 2022); *United States v.*

*Oaks*, No. 18-CR-00470-PAB-11, 2022 WL 1081148, at *2 (D. Colo. Apr. 11, 2022); *United States v. Duran*, No. 1:15-CR-27 TS, 2022 WL 844433, at *1 n.2 (D. Utah Mar. 22, 2022).

The record reflects that Mr. Garcia-Patino has received the COVID-19 vaccine. *See* Doc. 976-3 at 22. Thus, mindful of the Circuit's guidance, the court concludes that Mr. Garcia-Patino's incarceration during the pandemic is not an extraordinary and compelling reason to reduce his sentence.

### B.      Sentencing Factors in § 3553(a)

Even if Mr. Garcia-Patino had presented an extraordinary and compelling reason for a sentence reduction, his motion nonetheless fails at the third step of the § 3582(c)(1)(A) analysis. Before the court may reduce a defendant's term of imprisonment under § 3582(c)(1)(A), the court must consider whether defendant poses a danger to the community, and the relevant sentencing factors under § 3553(a).[3] 18 U.S.C. § 3582(c)(1)(A). If a proposed modified sentence strays too far from the original sentence, the § 3553(a) factors cannot support the sentence reduction, even where a defendant faces extraordinary and compelling circumstances. *See United States v. Pope*, No. 16-10039-1-JTM, 2020 WL 5704270, at *1 (D. Kan. Sept. 24, 2020) ("This court has concluded that compassionate release based on COVID-19 related concerns should be denied where the resulting sentence would materially depart from an appropriate § 3553(a) sentence[.]"); *United States v. Kaufman*, No. 04-40141-1-JTM, 2020 WL 4196467, at *2 (D. Kan. July 21, 2020) ("Even when an older inmate faces some serious medical

---

[3]      Those factors include: (1) defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See* 18 U.S.C. § 3553(a).

condition, compassionate release should be denied if it would radically alter the appropriate § 3553 sentence.").

Mr. Garcia-Patino committed a serious felony offense. He pleaded guilty to conspiracy to distribute more than 50 grams of methamphetamine and possession with the intent to distribute more than 50 grams of methamphetamine. Doc. 618. Specifically, Mr. Garcia-Patino was identified as an interstate courier for a large-scale drug operation who transferred approximately 74.06 kilograms of methamphetamine. Doc. 791 at 15, 16 (Amended Presentence Investigation Report ¶¶ 45, 51). And, his projected release date remains more than six years away. *See* Eduardo Garcia-Patino (Reg. No. 28631-031) (last visited Apr. 20, 2022) https://www.bop.gov/inmateloc/. Given these facts, the court finds that a sentence reduction would not reflect the nature and seriousness of Mr. Garcia-Patino's offense. It radically would alter the appropriate sentence and no longer provide just punishment for his offense.

## IV.   Conclusion

Before the court may grant relief under 18 U.S.C. § 3582(c)(1)(A), Mr. Garcia-Patino must satisfy three requirements: (1) extraordinary and compelling reasons warrant a sentence reduction; (2) the reduction is consistent with applicable policy statements by the Sentencing Commission; and (3) 18 U.S.C. § 3553(a)'s sentencing factors support the requested sentence modification. *See Hald*, 8 F.4th at 937–38. If any requirement is not satisfied, then relief is not warranted under § 3582(c)(1)(A). *See id.* at 938 (noting that a district court may deny a motion for compassionate release if defendant fails to satisfy any one of the requirements). Mr. Garcia-Patino has not established an extraordinary and compelling reason to warrant a sentence reduction nor has he shown that § 3553(a)'s sentencing factors support the significant sentence reduction he seeks. The court thus denies Mr. Garcia-Patino's motion (Doc. 976).

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Garcia-Patino's Motion for Compassionate Release (Doc. 976) is denied.

**IT IS SO ORDERED.**

**Dated this 26th day of April, 2022, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**